FILED
APR 21 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

Gregory Brown §
*Plaintiff* §
§
§ CASE NUMBER: 1:23CV00455 LY
v. §
§
§

Capital One, N.A. d/b/a
Capital One Auto Finance
Equifax Information Services, LLC
Trans Union, LLC
*Defendant(s)*

**DEMAND FOR TRIAL BY JURY**

## COMPLAINT

1. This is a complaint by Plaintiff Gregory Brown against Defendants Capital One Auto Finance ("Capital One" hereinafter), Equifax Information Solutions, LLC ("Equifax" hereinafter) and Trans Union LLC ("Trans Union" hereinafter) for their separate violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; The FCRA 15 U.S.C. §§ 1681n and 1681o.

3. Venue is proper because the nucleus of relevant facts and events that affected and/or damaged Plaintiff occurred within Bell County, Texas which is located within this District.

### PARTIES

4. Plaintiff Gregory Brown is a natural person who resides in Bell County, Texas and he is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

1

5. Defendant Capital One Auto Finance, a division of Capital One, N.A. ("Capital One") is a foreign corporation that conducts business in the state of Texas.

6. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company whose principal place of business is located at 1550 Peachtree Street NW Atlanta, GA 30309 registered to do business with Texas Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

7. Defendant Trans Union, LLC ("Trans Union") is an Illinois limited liability corporation whose principal place of business is located at 555 West Adams, Chicago, IL 60601 registered to do business with Texas Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

8. Defendants are "furnishers of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 et seq.

## STATEMENT OF FACTS

9. Like many of his fellow Americans Plaintiff would like to purchase his own home and is keenly aware of the importance of his credit score.

10. Today's economy runs on credit. If you want to get a mortgage loan for a house or if you just want to put your lunch on a credit card, a company is extending credit to you.

11. Your credit information can be a factor in whether or not you can rent an apartment, how much you pay for insurance or whether or not you can get a job.

12. In October 2021 Plaintiff applied for a Residential home loan or pre-approval for a home loan from Prime Mortgage Lending, Inc. ("Prime Mortgage").

13. In conjunction with Plaintiff's application, Prime Mortgage requested, obtained, and reviewed Plaintiff's credit report.

14. Plaintiff's credit report included numerous false and inaccurate tradelines.

15. On his credit report, Plaintiff noticed a trade line from Defendants Capital One and Equifax with account number 620734XXXXXXXXXX.

16. On his credit report, Plaintiff noticed nine trade lines from Defendant Equifax with account number(s) 900000XXXXXXXXX
17. On his credit report, Plaintiff noticed twelve trade lines from Defendant Trans Union with account number(s) 900000XXXXXXXXX
18. Plaintiff's non defendant Experian Credit report was the only correct and accurate report from the Credit Reporting Agencies.
19. Prime Mortgage denied Plaintiffs application based on the information contained in the credit report.
20. After being denied credit Plaintiff continued diligently trying to improve his credit and credit scores.
21. Plaintiff brings this action to correct inaccurate information on his credit reports that he has been unable to correct outside of litigation.
22. In or around 2021, it came to Plaintiff's attention that Defendant Equifax was reporting the CAPITAL ONE AUTO and DEPT OF ED/NELNET account Trade Line false and inaccurate and Defendant Trans Union was reporting Plaintiff's DEPT OF ED/NELNET account trade lines false and inaccurate.
23. Each of the aforementioned accounts being reported by Equifax and TransUnion contained false and derogatory information about Plaintiff.
24. On or about October of 2021, Plaintiff disputed the aforementioned accounts with Equifax, and TransUnion directly by sending each a letter containing an explanation of events and relevant documentation.
25. Plaintiff's October 2021 Equifax dispute contained a statement pursuant to 15 U.S.C. 1666b Billing Error for the account trade lines.
26. Plaintiff consolidated all accounts with the DEPT OF ED/NELNET directly and these accounts should not be reporting any late payments.
27. Equifax purportedly investigated Plaintiff's dispute and verified the false information it was furnishing as accurate.
28. Plaintiffs October 2021 Trans Union dispute contained a statement pursuant to 15 U.S.C. 1666b Billing Error for the Account Trade lines.

3

29. Trans Union purportedly investigated Plaintiff's dispute and verified the false information it was furnishing.
30. Upon information and belief, Trans Union and Equifax sent a dispute communicating to Defendants providing all relevant disputed information.
31. Upon information and belief, Equifax and Trans Union conducted no meaningful investigation into Plaintiff's dispute.
32. Upon information and belief, Capital One conducted no meaningful investigation into Plaintiff's dispute of the false information it was furnishing to the credit reporting agencies.
33. Plaintiff has disputed every month until the filing of this action.
34. As a result of the actions and/or inactions of the Defendants, Plaintiff has suffered from loss of his personal time.
35. As a result of the actions and/or inactions of the Defendants, Plaintiff has suffered from worry, fear, stress, anxiety, and sleeplessness.
36. As a result of the actions and/or inactions of the Defendants, Plaintiff's credit scores have dropped significantly.
37. It is of the utmost importance to Plaintiff that the false information appearing on his credit reports be corrected. Unfortunately, due to the actions/inactions of the Defendants, that false information remains on Plaintiff's credit reports despite his best efforts to resolve this matter.

## CAUSES OF ACTION
## COUNT I
### Violation of the FCRA as to Capital One

38. Plaintiff re-alleges and incorporates all paragraphs above as if fully set forth herein.
39. Capital one furnished inaccurate representations to Equifax and to all of Plaintiff's potential lenders on multiple occasions.

40. Capital One violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re- reporting of its own inaccurate representations to the consumer reporting agencies.
41. Capital One violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.
42. Capital One did not have any reasonable basis to believe that the Plaintiff was responsible for the balance reported in its representations.
43. Further, even if Capital One would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the information it is furnishing to credit reporting agencies is false and inaccurate.
44. As a result of the conduct, action and inaction of Capital One Auto, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score.
45. Capital One's conduct, action and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.
46. Plaintiff is entitled to recover reasonable attorney's fees and costs from Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
### Violation of the FCRA as to Equifax

47. Plaintiff re-alleges and incorporates paragraphs above as if fully set forth herein.

5

57. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

58. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered a diminished credit score, loss of her personal time, and emotional distress.

59. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

60. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

61. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT V.
### Violations of the FCRA as to Trans Union

62. Plaintiff re-alleges and incorporates paragraphs above as if fully set forth herein.

63. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

64. As a result of this conduct, action and inaction of Trans Union Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a reduced credit score.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Capital One, Trans Union and Equifax for statutory damages, punitive damages, actual damages, costs, interest, fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

A. Statutory and Actual damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

B. Costs and expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

C. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*All Rights Reserved*

*/s/Gregory Brown*
**Gregory Brown Plaintiff** *pro se*
1803 Muir Dr.
Killeen, Texas 76543
Gregb8385@gmail.com

